LUTHER E. WIGGIN *vs.* CONSOLIDATED ADJUSTABLE SHOE COMPANY.

Essex.　January 11, 12, 1894. — June 23, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Contract — Agreement for Exclusive Right of Sale within given Territory — Guaranty — Protection from Infringement.*

The defendant, who was a shoe manufacturer and the owner of a patented invention relating to boots and shoes, appointed the plaintiff his sole agent within a prescribed territory for the sale of shoes manufactured by him, and agreed that the plaintiff should have the " sole and exclusive sale of said shoes in said territory," and that the defendant would protect him from all infringements and infringement suits on account of said shoes. *Held*, that the defendant, in substance, agreed that no one else should have the right from him to sell his shoes in the prescribed territory, and that he would not sell shoes there himself, but that he did not guarantee the plaintiff against the sale there of such shoes, obtained elsewhere, by other persons over whom the defendant had no control, and that he meant that he would protect the plaintiff only from suits against him involving the validity of the patents contained in the shoes, and against any party infringing the patent.

CONTRACT. Trial in the Superior Court, before *Hopkins*, J., who ruled that the action could not be maintained, and directed a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*R. Lund*, for the plaintiff.

*H. F. Hurlburt*, for the defendant.

MORTON, J.   This is an action for the breach by the defend-
ant of a written contract between it and the plaintiff.   At the
date of the contract the defendant was the owner of a patented
invention relating to boots and shoes, and was the sole manu-
facturer of boots and shoes containing the invention, and was
seeking to introduce them into new territory.   For that purpose
it made the contract with the plaintiff.   We infer that it made
similar contracts with other parties for a like purpose.   Under
the contract with the plaintiff, it appointed him " its sole agent
for the sale of shoes manufactured by it . . . in the cities 'of
Minneapolis and St. Paul, and the counties of Hennepin; Ram-
sey, Washington, and Anoka," Minnesota, and agreed that he
should have " the sole and exclusive sale of said shoes in said
territory."   It also agreed that it would protect him " from all
infringements and infringement suits on account of said shoes."
The contract was dated January, 1889, and was to run five
years.   In October, 1889, another person began to offer for sale
in Minneapolis the same kind of shoes which the plaintiff was
selling, and which the defendant manufactured.   He offered
them at a price less than that at which the plaintiff was selling.
The plaintiff notified the defendant, and called upon it to stop
the interference.   The defendant made efforts to find out where
the shoes that were thus offered for sale were obtained, and it
finally appeared that they had been bought in Chicago and
taken to Minneapolis, but had not been sold by any agent
of the defendant to the party offering them for sale in Minne-
apolis.   The defendant did what it could, by remonstrance and
by circulars cautioning the public against purchasing any shoes
not sold by the plaintiff, to protect him, but instituted no suit
or proceedings against the party.   The plaintiff contends that
the defendant is liable under the clauses in the contract already
referred to.   We do not think it is.   The defendant appointed
the plaintiff its sole agent for the territory described, and
agreed in effect, as we construe the contract, that he, so far as
it was concerned, should have the exclusive sale of said boots
and shoes in said territory.   It did not warrant nor guarantee
him against any sale there by anybody else of its shoes.   It
agreed in substance that nobody else should have the right from
it to sell its shoes there, and that it would not sell shoes there

itself; and it is not claimed that the defendant authorized or made the sale of which the plaintiff complains. Generally such a cortract would give the party selected a monopoly within the territory described, though unaccompanied with any restrictions on the place of re-sale; especially when applied to articles like boots and shoes. But the contract especially provides that the plaintiff is to have " the right to make all sales or fill any orders that shall còme to him in his regular place of business in said territory, but not in any other place, and . . . shall not solicit orders or canvass for trade outside of said territory."` It cannot fairly be supposed that this right was confined to the plaintiff alone. The contract upon its face, therefore, impliedly gave him notice that the defendant did not undertake to warrant or guarantee him against the presence of goods bought from an agent or party elsewhere. No doubt the defendant could have guaranteed the plaintiff against any sale by any one else within this territory, and could have restricted its licenses so that no boots or shoes could be sold in such a manner as to interfere with the sale of other licensees. *Hobbie* v. *Jennison*, 149 U. S. 355. But it has not done so.

The agreement that the defendant " shall protect " the plaintiff " from all infringements and infringement suits on account of said shoes," means obviously that, if anybody sues the plaintiff, or makes a claim against him on the ground that the patent contained in said shoes infringes upon another patent, or if anybody else undertakes to sell shoes within the plaintiff's territory that infringe upon the defendant's patent, then the defendant will protect the plaintiff against such suit or claim, and will vindicate its patent.

We think the rulings of the presiding justice were correct, and that the exceptions must be overruled, and it is so ordered.

*Exceptions overruled.*