16533

SHEALEY v. AMERICAN HEALTH INS. CORP.

(66 S. E. (2d) 461)

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellant,*

*Messrs. T. Eston Marchant, Jr.,* and *John W. Ford, Jr.,* of Columbia, *for Respondent,*

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellant, in reply,*

August 17, 1951.

Fishburne, Justice.

This is an appeal by the defendant from an adverse judgment in an action on a Hospital and Surgical Expense Policy. The insurance policy was issued on September 21, 1947, and insured the plaintiff, as therein limited and provided, against expenses for hospital residence or surgical operations necessitated by accidental bodily injuries or by sickness.

The plaintiff alleged in his complaint that he had suffered an injury by accident during August, 1948, and was entitled to recover certain indemnities under the terms of the policy. On the trial of the case, the judge of the Richland County Court directed a verdict for plaintiff in the sum of $144.00, which he later reduced to $117.00.

At the time of the accidental injury, the respondent was employed by the South Carolina Aeronautics Commission. It is admitted that although all of his medical and hospital expenses in connection with such injury were covered by the provisions of the policy, they were paid in accordance with the South Carolina Workmen's Compensation Law, and neither the insured nor the insurer bore any part of it.

Appellant takes the position that the contract sued on is obviously one of indemnity against loss rather than a contract to pay certain benefits whether or not the insured has suffered expense or loss; and that there should be no recovery under the policy, since all of the expenses referred to in the complaint were defrayed by the South Carolina Aeronautics Commission pursuant to the terms of the Workmen's Compensation Law. Code 1942, § 7035-1 *et seq.* It is contended that payment of the identical loss covered in the policy by the Commission, relieves the appellant of all liability. In other words, the insured suffered no *actual loss*.

It has been well said that a policy of liability insurance is either a contract of insurance against liability for loss or damage and is properly called a liability contract, or it is a contract of insurance against actual loss or damage, and is thus called an indemnity contract. Whether it is the one or the other depends on the intention of the

parties as shown by the phraseology of the agreement contained in the policy. 29 Am. Jur., Sec. 1061, page 796.

In construing contracts of this character, the courts generally have held that if the indemnity is clearly one against loss or damage, no action will lie in favor of the insured until some loss or damage has been sustained by him, either by payment of the whole or some part of the claim. 42 C. J. S., Indemnity, § 14C, page 589.

In our opinion, it is not necessary to determine whether the policy contract is one against loss or one against liability,—which is the first question presented by this appeal. But assuming that it is a policy to indemnify only against loss, as contended by appellant, we think the respondent is entitled to recover.

It is admitted by appellant that if respondent's hospital and surgical bills had not been paid by the South Carolina Aeronautics Commission through The Workmen's Compensation Law, appellant under the terms of its policy would have had to pay such expenses up to the policy limits. As already stated, when the policy in question was issued, and when the accident occurred, appellant knew that the respondent was employed by the Aeronautics Commission.

Respondent contends that the compensation insurance carried by his employer under The Workmen's Compensation Law,—all of which was well known to appellant,—has no application to the facts and issues made in this case. In our opinion, this contention is sound.

There are apparently very few cases bearing upon the question, but those which we have found sustain, in effect, the position taken by respondent and the County Court.

We are impressed by the reasoning of the court in *Inter-Ocean Casualty Co. v. Lenear,* Tex. Civ. App. 1936, 95 S. W. (2d) 1355, 1358. The principle discussed by the Texas Court is directly applicable here. In the foregoing case, as in this case, the loss sustained by the

insured, although covered by the policy issued by the Casualty Company, was paid under the Texas Workmen's Compensation Law. Vernon's Ann. Civ. St. art. 8306 *et seq.* The Court had this to say: "In passing, it might be said that the Workmen's Compensation Law is a tripartite arrangement, consisting of an agreement of the employer, employee, and the insurer (carrier), in consummation of which the employer makes the arrangements with and pays the premiums to the insurer without consulting the employee. When the insurance is thus procured, it is, in effect, as between the employer and the employee, a promise on the part of the employee to surrender all common-law rights of action for damages growing out of an accident in the course of his employment, and by the employer to forego all such defenses which he might have in defense of such action. The insurance serves the means of protecting both the employer and employee. While such insurance may be considered an indemnity in the sense that the insurer promises to pay the employee on contingencies, but in reality, it is a protective arrangement sanctioned by law for the mutual benefit of the employer and the employee. It is not an insurance as contemplated within the terms of appellant's policy provision."

And the Court further stated: "The provision of the policy, allowing a proration with other policies 'carried by the insured,' must be given a fair and reasonable interpretation in accordance with the purpose on which the provision is based. Evidently, the provision was designed to protect the insurer against the moral hazard of over-insurance brought about by the insured, or by another for his benefit and with his knowledge and consent. We do not believe that the provision can be given the effect of classifying the protection given an employee under the Workmen's Compensation Law, as an insurance carried by the employee as to bring such insurance under the terms of the policy's provision and the manifest purpose of such provision. The employee, under the Workmen's Compensation Law, is merely the recipient of the benefits as provided in the law in consideration of

surrendering rights which he may have independent of such law. It cannot be said that the insurance provided therein is such as was 'carried by appellee,' as is the case of $1,000.00 insurance carried by the insured with the Travelers Insurance Company."

The court held that the compensation insurance carried by the employee's employer was not affected by the prorating provision in the policy issued to the insured, and ordered that the loss covered by its policy be paid.

For another case involving compensation insurance, but not decided under a proration clause, see *American Bankers' Insurance Co. v. Speaker,* Tex. Civ. App. 1934, 68 S. W. (2d) 555, 557, where it was held that Workmen's Compensation insurance does not come within the meaning of questions in an application for accident insurance asking the applicant whether he is insured in "any other accident company or association". See Annotation, 119 A. L. R. 765, 777, 780 and 29 Am. Jur., Sec. 1332, page 997.

Under our Workmen's Compensation Law, Code, Sec. 7035-28, medical and surgical treatment is provided for, and the refusal of an employee to accept such hospital and surgical treatment bars the employee from further compensation until such refusal ceases.

In recent years, clauses have been included in health and accident insurance policies which usually provide for prorating if the insured should carry with another company, association or society other insurance covering the same loss. The policy issued by the insurer in this case contains no such provision. But even if it did our conclusion would be the same—that is, insofar as it would relate to compensation insurance furnished and paid pursuant to the Workmen's Compensation Law where the identical loss was involved, it would not apply.

As heretofore stated, appellant knew when it issued this policy to the insured, that he was employed by the Aeronautics Commission, and it must be held

that it had notice and knowledge of existing laws whereby the insured would be paid pursuant to the terms of the South Carolina Workmen's Compensation Law for the identical loss covered by its policy. And in our opinion, appellant is liable for the payment of the judgment entered by the County Court.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.