**KEYSTONE TANKSHIP CORPORA- TION, a corporation, Libelant,**

v.

**WILLAMETTE IRON & STEEL COM- PANY, a corporation, Respondent.**

Civ. No. 63–2.

United States District Court D. Oregon.

Oct. 1, 1963.

Erskine Wood, of Wood, Wood, Tatum, Mosser & Brooke, Portland, Or., for libelant.

Jack L. Kennedy, of Evans & Kennedy, Portland, Or., for respondent.

KILKENNY, District Judge.

Libel by Keystone Tankship Corporation, herein called "Keystone" against Willamette Iron & Steel Company, herein called "Willamette" to recover the sum of $5,000.00 attorney fees and $221.60, disbursements incurred by Keystone in defending an action commenced by one Bray in this Court against Keystone.

Keystone was the owner and operator of the vessel SS CATAWBA FORD. Bray was seriously injured in July, 1960, while employed by Willamette as a painter and while he was painting the outer hull of said vessel then in dry dock in Portland. At the time, Willamette, under contract with Keystone, was making repairs to the vessel in accordance with specifications prepared and submitted by Keystone. Bray's injuries were sustained in the course of his work. In August, 1961, Bray commenced an action against Keystone to recover damages for personal injuries sustained in said accident and there demanded judgment for the sum of $250,000.00. He claimed that his personal injuries were the result of the unseaworthiness of the ship and the negligence of Keystone. In August, 1961, Keystone tendered the defense of the Bray case to Willamette. Willamette did not accept the defense of said action and in November, 1961, Keystone filed in said case a third party complaint for indemnity against Willamette. The third party proceedings were still pending at the time of the commencement of this action, but have since been dismissed.

322

In December, 1962, Bray abandoned his action against Keystone and, based upon a Stipulation of all the parties, that is Bray, Keystone and Willamette, said principal action was dismissed with prejudice and without the payment of damages or costs. Nothing was said in the Stipulation about the status or future disposition of the issues raised in the third party action against Willamette.

After the dismissal of the primary case the attorneys representing Keystone forwarded to it a bill for the amount of the attorney fees and disbursements above mentioned and that bill was paid.

Libelant based its right to recovery of the attorney fees and costs, so paid, on the following provision of its repair contract with respondent:

"The contractor (the respondent) is to fully protect the vessel and the owner and/or agent against any claim for injury to workmen, also for any damage done to the vessel, her machinery or fittings, while the vessel is undergoing repairs."

Both parties knew, at the time of the execution of the contract, that longshoreing was a hazardous occupation, that longshoremen, such as Bray, were injured from time to time in the course of their duties, and that claims would be made and litigation instituted on claims for injuries by such workmen. Furthermore, the parties must have contemplated that on the institution of such litigation attorneys must be hired and other expenses incurred.

Simply stated, the respondent agreed to fully protect the libelant against any claim against it for injury to workmen. Since the industry of proctors and the research of the Court have failed to uncover a contractual provision identical with the one here considered, it is necessary to make a searching analysis of the word arrangement adopted by the parties. The controlling language does not limit protection to any claim *successfully prosecuted by a workman.*

At the risk of admonishment for defining a word, the meaning of which is manifest, I find that "fully" means "entirely; completely; to the utmost extent". Vacha v. Vacha, (Ohio Prob. 1961) 179 N.E.2d 187, 191; McCrary v. McCrary (Tex.Civ.App.) 230 S.W. 187, 207; Webster's New International Dictionary, 2d Ed. P. 1017. Likewise, taking the same risk, I find that "protect" means "to defend" or "guard against", "to conserve". Wiggin v. Consolidated Adjustable Shoe Co., 161 Mass. 597, 37 N.E. 752, 753; Mettlar v. Conover (N.J. Chancery 1907) 65 A. 464, 465; Hill v. Bank of San Pedro, 41 Cal.App.2d 595, 107 P.2d 399, 404. Although the word "any" has a comprehensive meaning, Reed v. Reed, 215 Or. 91, 332 P.2d 1049, when used in the present context, it means "all or every". Atlantic Casualty & Insurance Co. v. Interstate Ins. Co., 28 N.J.Super. 81, 100 A.2d 192; Wenthe v. Hospital Service, Inc., 251 Iowa 765, 100 N.W.2d 903, and generally, though not necessarily, it serves to enlarge the noun it modifies. United States v. Gertz, 249 F.2d 662, 665 (9 Cir. 1957).

Beyond question, the filing of the libel in this case constituted a "claim". Ippolito v. Mayor of City of Hoboken, 60 N.J.Super. 477, 159 A.2d 425, 430; U. S. v. Tieger (D.C.N.J.1954) 138 F. Supp. 709, 710; Stewart v. McCollister, Cal.App. 220 P.2d 618, 620.

The actual intent and meaning at the time of executing the Indemnity Agreement must be deduced from the entire contract, the subject matter, the purpose of execution and the surrounding circumstances. United States Fidelity & Guaranty Co. v. Wilson, 41 F.2d 319 (8 Cir. 1930).

A proper construction of the language of this paragraph requires, in my opinion, a finding and a conclusion that the parties intended to require the respondent to defend libelant against any and all lawsuits, meritorious or otherwise. The record supports a finding that Bray was seriously injured and that the libel in the original proceeding, on its face, indicated a potential liability, the

defense of which required the services of highly competent attorneys and the incurrence of costs and expenses.

Under indemnity contracts similar to, but not as incisive as the agreement here under study, the Courts have held that the shipowner could recover from the stevedore reasonable costs, expenses and attorney fees in defending the claim. A/SJ. Ludwig Mowinckels Rederi v. Commercial Stevedoring Co., 256 F.2d 227, 232 (C.A.2, 1958); Pure Oil Co. v. Geotechnical Corp. (E.D.La.1955), 129 F Supp. 194.

The fact that no liability was established against the libelant is of no significance. Gonzales v. Pennsylvania RR Co. v. Imparato Stevedoring Corp. (D.C. S.D.N.Y.1960), 183 F.Supp. 779; Chesapeake and Ohio Ry. Co. v. Bailey Production Corp. (D.C.S.D.W.Va.1958), 163 F. Supp. 666.

■ Where an indemnitor denies liability, the indemnitee is entitled to protect itself by hiring attorneys and incurring costs and expenses. U. S. Steel Corporation v. Emerson-Comstock Co., Inc., (D.C.N.D.Ill.1956), 141 F. Supp. 143; B & G Electric Co. v. G. E. Bass & Co., Inc., 5 Cir., 252 F.2d 698, cert. den. 357 U.S. 931, 78 S.Ct. 1372, 2 L.Ed.2d 1371. The rights of indemnitee as specified in the contract would supersede any common law or other rights. Union Pacific Railroad Co. v. Bridal Veil Lumber Co., 219 F.2d 825 (9 Cir. 1955). If an indemnitee can protect himself against his own negligence, Southern Pacific Co. v. Morrison-Knudsen Co., 216 Or. 398, 338 P.2d 665, there is no reason why he cannot protect himself against costs, attorney fees and litigation incurred in the defense of claims such as this.

Cases such as Nicholson Transit Co. v. Great Lakes Towing Co. (N.D.Ohio E.D.1960), 185 F.Supp. 685; Fox v. THE SS MOREMACWIND (E.D.Va. 1960) 182 F.Supp. 7; Hill v. American President Lines Ltd. (E.D.Va.1961) 194 F.Supp. 885, and others, cited by respondent have no application to an express agreement of indemnity. Likewise, there is no merit in respondent's contention that it is not, and could not, be liable for indemnity unless there was a finding, in the primary case, that libelant was negligent and breached its contract by rendering a sub-standard performance. The cases on which the respondent relies such as Atlantic & Gulf Stevedores Inc. v. Ellerman Lines Ltd., 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798; Italia Societa Per Azioni di Navigazione v. Oregon Stevedoring Co., 310 F.2d 481 (9 Cir. 1962) and others are based generally on what is now commonly known as the "Ryan Doctrine" advanced in Ryan Stevedoring Co., Inc. v. Pan-Atlantic SS Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L. Ed. 133. Here, we are not concerned with the doctrine of implied warranty on which indemnity over is granted on showing a breach of contract. The issue before me is not the rights and liabilities of the parties under the Ryan Doctrine, but the rights and liabilities of the parties on a proper construction of the indemnity provision in issue. I resolve that issue in favor of libelant and find on the facts and the law in favor of libelant.

I find nothing in Partenweederei MS Belgrano v. Weigel, 313 F.2d 423 (9 Cir., 1962), contrary to these conclusions. The fact that there was no specific demand for attorney fees in the primary action, is of no importance.

■ Additionally, I find that $5,000.-00, the amount paid by libelant to its attorneys, is a reasonable attorney fee, and the sum of $221.60, the costs and disbursements incurred, were reasonable and that libelant is entitled to judgment therefor.

The agreed facts as set forth in the Pre-Trial Order and this Opinion shall stand as my findings and conclusions.