18111

James ROBERTS, as Executor of the Estate of Ralph W. Crowe, and Seaboard Surety Company, Respondents, v. W. E. LAWRENCE and William T. Austin, etc., *et al.*, of whom W L. Allen, Andrew Thames, t/a Thames Gulf Service, and G. M. McFadden, are Appellants.

(133 S. E. (2d) 74)

*Messrs. Morris D. Mazursky* and *John S. Hoar,* of Sumter, *for Appellants,*

*Messrs. Cox & Hanna,* of Woodruff, *for Respondents,*

October 28, 1963.

LEWIS, Justice.

On February 5, 1958, one Ralph W. Crowe entered into a contract with the South Carolina State Highway Department to perform certain highway construction. As required by the Highway Department, Crowe filed the standard contractor's bond, with corporate surety, which contained provisions, among others, guaranteeing performance of the contract and the payment for all labor and materials used in the construction. Crowe subcontracted a portion of the work to another contractor who failed to complete the subcontract and left the appellants' claims for labor and materials unpaid. Appellants instituted proceedings to recover under the contractor's bond for the amounts due them for labor and materials furnished to subcontractor and, in addition, interest, costs, and attorney's fees incurred in the prosecution of their claims. The lower court awarded to appellants the amount of their claims for materials and labor, together with interest and costs, but refused to allow the recovery of attorney's fees upon the ground that the payment of such fees was not authorized under the bond filed by the contractor. From such refusal of the lower court to allow the recovery of attorney's fees, appellants have prosecuted this appeal.

The sole question for determination is whether the bond filed by the highway contractor and his surety in this case includes liability for attorney's fees incurred by laborers and materialmen of a subcontractor in the prosecution of their claims under the bond.

It is settled that there is no liability for attorney's fees in actions of this kind in the absence of a statute or contract provision creating such liability. *United States Rubber Co. v. White Tire Co.*, 231 S. C. 84, 97 S. E. (2d) 403. We have no such statute and appellants seek to enforce liability for fees under the terms of the bond in question.

The bond, in addition to guaranteeing performance of the highway construction contract and the payment for all labor and materials used in the construction, contained the following provision:

"And should the said principal default in carrying out said contract, the cost to the South Carolina State Highway Department of determining the amount of the losses caused the said Department by reason of said default, as well as all cost incident to securing settlement from the surety, including reasonable attorney's fees shall be payable and collectible from the surety, as a part of the penalty of the bond."

Clearly, under the quoted provision of the bond in question, if suit had been brought by the State Highway Department, the named obligee, to enforce the bond for the benefit of appellants, attorney's fees incurred by the Highway Department in such litigation would be recoverable. It is contended, however, that the obligation under the bond to pay fees of counsel is limited to those incurred by the Highway Department, as the named obligee, and does not extend to laborers and materialmen who perform under the contract.

The State Highway Department is the only named obligee throughout the bond in question. Although this is true, we have uniformly held that the contractor and his surety are liable under such bonds not only for

labor and materials furnished directly to the contractor, but also for those furnished to a subcontractor; and that laborers and materialmen may bring a direct action against the surety on such bond. See: *Dominion Culvert & Metal Corp. v. United States Fidelity & Guaranty Co.*, 238 S. C. 452, 120 S. E. (2d) 518, and cases cited therein. The foregoing decisions construe bonds of the instant type so as to extend the protection afforded, in addition to the named obligee, to those furnishing labor and materials in the construction.

The present bond specifically includes liability for reasonable attorney's fees incurred in securing settlement from the surety in case of default by the contractor. While the Highway Department is the only obligee named in this provision, we do not think that this is controlling in view of the general purpose of such bonds to protect laborers and materialmen also. The Highway Department could collect attorney's fees in enforcing the liability under the bond to appellants for labor and materials furnished, and no sound reason appears to hold that the enforcement of the same liability by appellants in a direct action, which they have a right to do, would place them in a less favored position as to the collection of attorney's fees than the Highway Department. *Standard Accident Insurance Co. v. Simpson*, 4 Cir., 64 F. (2d) 583.

The foregoing construction is supported by the specification of the Highway Department, pursuant to which the provision as to attorney's fees was presumably included in the bond. This specification requires that the bond furnished by a contractor to the Highway Department must contain a provision that "in case of default on the part of the contractor, all expenses incident to ascertaining and collecting losses under the bond, including both engineering and legal services, shall lie against the bond." This specification is general in its terms and does not limit the liability for legal services to only those incurred by the State Highway Department. When the bond and specifications are construed together, as we are required

to do, since they are interdependent and form one transaction, *Mack Manufacturing Co. v. Massachusetts Bonding & Insurance Co.,* 103 S. C. 55, 87 S. E. 439, it is clear that it was contemplated that those entitled to enforce the provisions of the bond would not have to bear the expense of so doing. This construction is further supported by the bond provision that the fees of counsel would be collectible as a part of the penalty of the bond.

The case of *Standard Oil Company of New Jersey v. Powell Paving & Contracting Co.,* 139 S. C. 411, 138 S. E. 184, cited by the respondents and the lower court, is clearly distinguishable from the present case. There claim was made for attorney's fees incurred by laborers and materialmen in prosecuting their claims under a bond executed to guarantee the performance of a paving contract. The bond in that case contained no provision for attorney's fees, as does the bond in the instant case, and the court properly denied recovery of such fees from the surety in the absence of a contract provision creating such liability.

The order of the lower court denying the allowance of attorney's fees is accordingly reversed and the cause remanded for the assessment against respondents of reasonable attorney's fees incurred by the appellants in this suit.

Reversed and remanded.

TAYLOR, C. J., and MOSS, BUSSEY and BRAILSFORD, JJ., concur.