**UNITED STATES for the Use of POW-ERS REGULATOR COMPANY, Plaintiff, Appellant,**

v.

**HARTFORD ACCIDENT AND INDEM-NITY CO., Defendant, Appellee.**

**No. 6865.**

United States Court of Appeals First Circuit.

Heard May 1, 1967.

Decided May 16, 1967.

Thomas L. Mackin, Boston, Mass., for appellant.

Michael J. Glazerman, Boston, Mass., with whom Peabody, Arnold, Batchelder & Luther, Boston, Mass., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In this action the appellant, Powers Regulator Company (Powers), is suing the appellee, Hartford Accident and Indemnity Co. (Hartford), on a Miller Act bond on which Hartford was surety. The case arises out of a contract between the United States and Farina Construction Corporation (Farina) for certain construction work on a government facility. Farina entered into a subcontract with Edward DeGroot Inc. (Edward) to do a portion of the work and Edward in turn subcontracted a portion of its work to DeGroot Heating Inc. (Heating). Powers was hired by Heating to provide and install an automatic temperature control system that was included in its contract with Edward. Thus Powers was what amounted to a sub-sub-subcontractor of Farina, the party covered by Hartford's bond.

It has consistently been held that a third level subcontractor is too remote to be entitled to recover on a Miller Act bond. United States for the Use and Benefit of W. J. Halloran Steel Erection Co. v. Frederick Raff Co., 1 Cir., 1959, 271 F.2d 415; Elmer v. United States Fid. & Guar. Co., 5 Cir., 1960, 275 F.2d 89, cert. den. 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727; cf. MacEvoy Co., v. United States for Use and Benefit of Calvin Tomkins Co., 1944, 322 U.S. 102, 64 S.Ct. 890, 88 L.Ed. 1163. Powers attempts to escape the application of this rule by contending that the relationship

between Edward and Heating is such that it ought to be treated as though it were a subcontractor of Edward rather than of Heating. If this were done, concededly Powers could recover on the bond. It cites cases holding that if one of the intervening subcontractors is merely a sham or alter ego of another subcontractor, or of the contractor itself, and the subcontract between them is a device for limiting the liability of the one earlier in the chain, the "corporate veil" will be pierced and they will be treated as one entity. See, e. g., Continental Cas. Co. v. United States for Use and Benefit of Conroe Creosoting Co., 5 Cir., 1962, 308 F.2d 846.

██ Whatever may be the limits of this principle, the finding of the district court. that Edward and Heating are bona fide separate corporations is amply supported by the record. Powers answers that, nevertheless, their separate corporate identities should be ignored because it was misled into believing the two corporations were one and the same. If Edward, a covered subcontractor, affirmatively misled Powers there might be, we will assume for present purposes, some merit in Powers' position. There is, however, no evidence to support this; nor did the court make any such finding. It may be questioned whether Powers was mistaken at all. While the word DeGroot is in both corporate names, and the address is the same, the corporate name of Heating, which appears on Powers' original invoice agreement, is plainly different from that of Edward. No witness testified to any actual confusion on Powers' part, and its credit manager, who presumably knew what was relied upon in extending credit to Heating, was not produced.

It is true that there is in the record a document signed by Farina, but prepared by Powers, some seven months after the subcontract was made, indicating that the Powers contract was with Edward. However, there is nothing to show that this was even bona fide, or, if it was, that the mistake was attributable to oth-er than negligence on Powers' part. We see no reason why. Powers should be permitted to obtain through its own carelessness protection to which it would not have been entitled had it acted prudently.

Affirmed.