777 F.2d 918
 J.K. TOMLINSON, General Partner for Abbeville Arms, a
limited partnership and Abbeville Arms, a limited
partnership, Appellants,
v.
SENTRY ENGINEERING AND CONSTRUCTION, INC. and The Western
Casualty and Surety Company, Appellees,
and
William C. Walker, Robert H. Fellers and Coleman Engineering
Laboratories, Inc., Third-Party Defendants.
 No. 84-2294.
 United States Court of Appeals,
Fourth Circuit.
 Argued Sept. 10, 1985.
Decided Nov. 20, 1985.
 
 Kermit S. King (King & Cobb, P.A., Columbia, S.C., on brief), for appellants.
 Julius W. McKay (McKay & Guerard, P.A., Henry W. Brown, Quinn, Brown & Arndt, Columbia, S.C., on brief), for appellees.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 J.K. Tomlinson, who sues on behalf of two limited partnerships, appeals the district court's denial of his motion for attorney's fees incurred in his successful suit against Sentry Engineering and Construction, Inc., and the Western Casualty and Surety Company. Tomlinson contends: (1) the language of the performance bond into which Sentry entered with Western on Tomlinson's behalf covered attorney's fees; and (2) a surety can be held liable for attorney's fees incurred by an innocent plaintiff in order to recover from the insured. Because these contentions are not supported by South Carolina law, we affirm.
 
 
 2
 On January 2, 1980, Tomlinson entered into a construction contract with Sentry for the construction of an apartment project. Sentry obtained a performance bond that provided:
 
 
 3
 [T]he condition of this obligation is such that, if [Sentry] shall well and truly perform all of the undertakings, covenants, terms, conditions and agreements of [the Construction Contract dated January 2, 1980] on its part, and fully indemnify and save harmless [Tomlinson] from all cost and damage which [he] may suffer by reason of failure so to do, and fully reimburse and repay [Tomlinson] all outlay and expense which [Tomlinson] may incur in making good any such default, then this obligation shall be null and void; otherwise it shall remain in full force and effect. (Emphasis added.)
 
 
 4
 Sentry defaulted. Tomlinson brought suit against both Sentry and its surety and recovered $74,500 for Sentry's breach of the construction contract. There is no appeal from this judgment.
 
 
 5
 Contending that the bond, particularly the underlined portions, encompassed attorney's fees, Tomlinson moved for an order requiring Sentry and its surety to pay the fees. The district court denied this motion.
 
 
 6
 South Carolina law authorizes recovery of attorney's fees from a surety when a performance bond expressly obligates the surety to pay the fees as an incident to successful prosecution of a claim against the principal and the surety for breach of contract. Roberts v. Lawrence, 243 S.C. 158, 161-62, 133 S.E.2d 74, 76 (1963). If, however, the bond does not include a provision for the recovery of attorney's fees, they cannot be allowed as an element of damage. Standard Oil Co. v. Powell Paving & Contracting Co., 139 S.C. 411, 435, 441, 138 S.E. 184, 191, 193 (1927); Roberts, 243 S.C. at 160, 133 S.E.2d at 75. Applying these principles of South Carolina law, we agree with the district court that the provisions of the bond on which Tomlinson relies are insufficient to allow recovery of attorney's fees.
 
 
 7
 Tomlinson also contends that he may be awarded attorney's fees under the rationale of Addy v. Bolton, 257 S.C. 28, 183 S.E.2d 708 (1971). Addy held that an innocent person who incurs attorney's fees in successfully defending himself against a claim arising out of the third party's wrongful act is entitled to indemnity from the third party, and his damages include reasonable attorney's fees incurred in resisting the claim. 257 S.C. 34, 183 S.E.2d at 710.
 
 
 8
 South Carolina limits the indemnity explained in Addy to allowing the recovery of fees incurred by an innocent person in resisting a claim based on the wrongful act of a third party against whom he is entitled to indemnification. JKT Company v. Hardwick, 284 S.C. 10, 325 S.E.2d 329 (App.1984); cf. Rimer v. State Farm Mutual Automobile Insurance Co., 248 S.C. 18, 27, 148 S.E.2d 742, 746 (1966). Tomlinson has not cited any South Carolina cases which modify this aspect of Addy. Because Tomlinson was the plaintiff in this action against Sentry and its surety for breach of Sentry's contract, he clearly does not fall within the indemnity exception to the general rule denying attorney's fees.
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 10
 MURNAGHAN, Circuit Judge, concurring in part and dissenting in part.
 
 
 11
 In most respects insofar as the law is concerned, I find myself at one with my panel colleagues. I concur in the conclusion that recovery of attorney's fees against Sentry Engineering and Construction, Inc. under the general law of South Carolina is not permitted.
 
 
 12
 As for the claim against the surety, Western Casualty and Surety Company, I fully accept the rule announced in Roberts v. Lawrence, 243 S.C. 158, 160, 133 S.E.2d 74, 75 (1963):
 
 
 13
 It is settled that there is no liability for attorney's fees in actions of this kind in the absence of a statute or contract provision creating such liability.
 
 
 14
 Again, I agree that there is no right to recover attorney's fees from the surety by reason of common law or statutory provision. However, my point of departure concerns whether there was, under the surety bond, a contractual right of Tomlinson, as clearly an intended third party beneficiary, to recover the attorney's fees incurred in recovering $74,500 for Sentry's breach of contract.
 
 
 15
 As the majority has pointed out, the Roberts case itself clearly illustrates that a contract may exist providing for recovery of attorney's fees where a bond refers to reimbursement of "all cost incident to securing settlement from the surety, including reasonable attorney's fees." It also seems evident, however, and I do not disagree, that the words "all costs" will not, by themselves, render attorney's fees recoverable.[1] Here, however, there are additional words which, by the majority's construction of the bond, are contradicted or ignored. Yet those words are presumed to add meaning for it is a cardinal principle that, if at all possible, words are not to be treated as mere surplusage. Presumably additional words have some additional meaning, it being a canon of construction that words employed are not disregarded if it is at all possible to allow them some scope. E.g., Burch v. South Carolina Cotton Growers' Co-Op. Ass'n, 181 S.C. 295, 301, 187 S.E. 422, 424 (1936) ("A contract should be construed so as to give, if possible, full force and effect to every part of it."); Florence City-County Airport Comm. v. Air Terminal Parking Co., 283 S.C. 337, 343, 322 S.E.2d 471, 474 (1984) ("The purpose of all rules of contract construction is to ascertain the intention of the parties as gathered from the contents of the entire document and not from any particular provision thereof."); J.T.M. Co., Inc. v. Vane, 283 S.C. 512, 516, 323 S.E.2d 794, 796 (App.1984) ("In determining the intent and purpose of a contract, a court should not look solely to one clause read in isolation from the rest of the document; rather it should consider the contents of the whole instrument."); cf. Winn v. Aleda Construction Co., 227 Va. 304, 307, 315 S.E.2d 193, 195 (1984) ("No word or clause will be treated as meaningless if a reasonable meaning can be given to it and there is a presumption that the parties have not used words aimlessly."). Here we have not only "all cost" but rather "all cost and damage" and "all expense". (Emphasis supplied). It may be argued, and I do not find it necessary to disagree, that "damage" and "expense" also, like "cost", are words with a special technical legal gloss that excludes from them, standing alone, a meaning extending to attorney's fees.[2] However, in addition, the phrases, "all cost and damage" and "all expense", have, presumably consciously, been even further expanded so as to require the surety to "fully reimburse and repay all outlay and expense." Those additional words flesh out even further the expansive meaning customarily attributed to "all" and logically can hardly mean anything other than the inclusion of "attorney's fees" in the amount recoverable. No technical restriction with which I am acquainted, no flagrant contortion of plain meaning, has grown up to exclude the payment of "attorney's fees" from the term making of an "outlay" nor to convert "fully reimburse" to something patently less than a total hold-harmless.[3]
 
 
 16
 I simply do not agree that the Roberts rationale depends on the presence of the magical incantation "attorney's fees" in the indemnification or reimbursement sections of the bond, if the intent, as a matter of contract interpretation, is otherwise made out. A contract may be similarly interpreted whether it says "4" or "2 + 2". An "in haec verbae" condition that the words "attorney's fees" be used as a matter of necessity does not exist under South Carolina law to activate an entitlement to attorney's fees if other words convey an equivalent meaning.
 
 
 17
 In South Carolina, as elsewhere, words such as "all", "each", "every" and "fully" appearing in statutes or contracts are generally read expansively. E.g., Jefferson Standard Life Ins. Co. v. King, 165 S.C. 219, 229, 163 S.E. 653, 659 (1932) (The word all is "the aggregate, the whole, the totality"); Cannon v. Bresch, 307 Pa. 31, 34, 160 A. 595, 596 (1932) ("The terms are emphatic--the word 'all' needs no definition; it includes everything, and excludes nothing. There is no more comprehensive word in the language...."); Pennsylvania Agricultural Cooperative Marketing Fund v. Ezra Martin Co., 495 F.Supp. 565, 570 (M.D.Pa.1980) ("full payment" language of 7 U.S.C. Sec. 196(a) includes the principal amount, prejudgment interest and costs incurred by the suppliers in seeking to enforce their rights); Keystone Tankship Corp. v. Willamette Iron & Steel Co., 222 F.Supp. 320, 322 (D.Or.1963) ("fully" means "entirely, completely; to the utmost extent"). Tomlinson has made an outlay, it, as a particular outlay, is encompassed within the universal "all outlay", he has been damaged, he has incurred an expense in making good the default. To be fully reimbursed is only possible if Western Casualty pays to Tomlinson the amount of the outlay for attorney's fees.
 
 
 18
 In short, in paying a lawyer, Tomlinson inevitably incurred outlay and expense for which he is entitled to be reimbursed. Hence I would reverse the judgment of the district court in the case against Western Casualty to the extent it disallows recovery of the outlay of attorney's fees incurred by Tomlinson as the beneficiary of the surety bond.
 
 
 19
 Finally, I see no ambiguity in the terms of the bond, for I perceive the liability of the surety to be altogether clear. The bond was written on the standard form promulgated by the Federal Housing Administration of the United States Department of Housing and Urban Development. Whether the fact that the surety company participated in the selection of the form, while Tomlinson, as a third party, did not, makes it proper to invoke the rule that construction, in the case of ambiguity, runs against the party who prepared the instrument is a question we are not called upon to decide. Were it necessary to do so, there appear to be strong arguments that can be marshalled to support the proposition that the language should be read in the way most favorable to Tomlinson.
 
 
 
 [1]
 See Person v. Fletcher, 582 S.W.2d 765, 766 (Tenn.App.1979) (the phrase "all costs" in civil procedure rule is limited to costs taxed by clerk of court and does not include costs of photographs, deposition costs, reporters fees and counsel fees)
 
 
 [2]
 Or from "all debts". See Standard Oil Co. v. Powell Paving & Contracting Co., 139 S.C. 411, 441, 138 S.E. 184, 192 (1927)
 
 
 [3]
 It should be noted that "all cost and damage", the term used in the instant case is even broader than "all cost", the term employed by the bonding company in Roberts. That "all cost", may extend to attorney's fees and, in a proper case, as a matter of contract interpretation, does so is made crystal clear by the fact that in Roberts reasonable attorney's fees were recognized to be includable, without doing violence to language, within the term "all cost". In such a case "cost" alone would not subsume "attorney's fees" but that is not to say that the same would follow for at least one of "all cost and damage", "all expense", "all outlay" and "full reimbursement"