795 F.2d 372
 Tom FROST d/b/a Monroe Heating and Air Conditioning Company
and Southern Scale and Refrigerator Company, Inc., Appellees,
v.
WILLIAMS MOBILE OFFICES, INC., and Fireman's Fund Insurance
Company, Appellants. (Two Cases).
 Nos. 84-1772, 84-2000.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 7, 1985.
Decided July 10, 1986.
 
 Appeals from the United States District Court for the District of South Carolina, at Columbia; G. Ross Anderson, Jr., District Judge. (C/A 83-3159-3, C/A 83-3159-0).
 J.D. Humphries, III (Varner, Stephens, Wingfield, McIntyre & Humphries, Atlanta, Ga., on brief), for appellants.
 Donald E. Rothwell, Columbia, S.C., for appellees.
 Before RUSSELL, WIDENER and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal involves the rights of two suppliers of a subcontractor under a subcontract[1] to recover as third-party beneficiaries under an indemnity bond executed by the primary subcontractor in favor of the general contractor. It was agreed that the determination of such right was a matter governed by South Carolina law. We accordingly submitted it as a certified question for resolution by the Supreme Court of South Carolina. See Lehman Bros. v. Schein, 416 U.S. 386, 389-390, 94 S.Ct. 1741, 1743-44, 40 L.Ed.2d 215 (1944); 17 Wright-Miller-Cooper, Federal Practice and Procedure, Sec. 4246 (1978). In the order of submission, attached here as a part of this opinion, the facts giving rise to the issue are detailed. The question certified was:
 
 
 2
 Are the Claimants third-party beneficiaries of the surety bond executed by Fireman and as such entitled to sue for the recovery of their unpaid claims under the bond as executed by Fireman?
 
 
 3
 The Supreme Court of South Carolina answered the certified question by holding that the materialmen of the secondary subcontractor were third-party beneficiaries of the indemnity bond executed by the primary subcontractor, the appellant Williams, and the surety, the appellant Fireman. It, therefore, agreed with the ruling made by the district judge on the basis of which he granted judgment in favor of the appellees herein. We, therefore, affirm the decision of the district court and the judgment in favor of the appellees granted therein.*
 
 
 4
 AFFIRMED.
 
 ORDER
 
 5
 TO: THE HONORABLE CHIEF JUSTICE AND JUSTICES OF THE SOUTH CAROLINA SUPREME COURT
 
 FACTS
 
 6
 The United States entered into a contract with Dawson Construction Company (hereafter "Dawson") for the renovation and improvement of Moncrief Army Hospital at Fort Jackson, South Carolina. Under the contract Dawson was required to provide temporary modular (or mobile) structures for the use of the hospital staff during construction. Dawson subcontracted this phase of the work to Williams Mobile Offices, Inc. (hereafter "Williams"). Williams was required to furnish bond "for the faithful performance of [such] contract." One condition of the bond, executed on behalf of Williams by the Fireman's Fund Insurance Company (hereafter "Fireman"), was as follows: "... if Principal [Williams] shall faithfully perform such subcontract or shall indemnify and save harmless the Obligee [Dawson] from all cost and damage by reason of Principal's failure so to do, then this obligation shall be null and void; otherwise it shall remain in full force and effect."
 
 
 7
 In the contract between Williams and Dawson, Williams agreed:
 
 
 8
 Sub-contractor shall at all times supply adequate tools, appliances, and equipment, a sufficient number of properly skilled workmen, and a sufficient amount of materials and supplies of proper quality to efficiently and promptly prosecute said work and shall promptly pay for all material purchased and shall pay all workmen each week if required and obtain and furnish contractor weekly with signed receipts from all workmen showing the date of payment, amount paid, number of hours paid for, the days on which said work was performed, the classification of the labor so paid, and the rate of wage per hour paid, and shall also supply contractor weekly with two copies of payroll verified by affidavit.
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 ... Sub-contractor shall, as often as requested by the owner or by contractor, furnish a sworn statement showing all parties who furnish labor or materials to sub contractor with their names and address and the amount due or to become due each. Like statement may be required from any sub contractor of the sub-contractor.
 
 
 12
 Williams, in turn, agreed with Modular Concepts, Inc., (hereafter "Concepts"), for the latter to furnish certain materials and to perform certain labor in connection with its (Williams') contract with Dawson. Concepts gave no bond to insure performance on its part nor was it obligated to do so under its agreement with Williams.
 
 
 13
 In performance of its agreement with Williams, Concepts, in turn, agreed with Claimants, Southern Scale and Refrigerator Company, Inc. and Tom Frost, d/b/a Monroe Heating and Air Conditioning Company (hereafter "Claimants") that the Claimants would supply certain materials and perform certain labor in connection with the performance by Concepts under its agreement with Williams. The entire project has been completed: Dawson has been paid by the United States; Dawson has paid Williams for its performance under their contract; and Williams has paid Concepts the amount due under their agreement. However, Concepts is now insolvent and has not paid the Claimants Southern Scale $101,664.12 and Frost $73,146.44 due them for work performed and materials supplied under their contract with Concepts.
 
 
 14
 The Claimants have sued Williams and Fireman to recover for the sums remaining due and unpaid under their agreements with Concepts.
 
 CONTENTIONS OF PARTIES
 
 15
 It is the contention of the Claimants that they are third-party beneficiaries, entitled to recover under the bond executed by Fireman on behalf of Williams and under the contract between Dawson and Williams. They rely primarily on Roberts v. Lawrence, 243 S.C. 158, 133 S.E.2d 74 (1963) and Dominion Culvert & Metal Corp. v. U.S. Fidelity & Guaranty Co., 238 S.C. 452, 120 S.E.2d 518 (1961), for the argument that, reading the bond and the contract together, they are entitled, as third-party beneficiaries, to recover on the bond. Cf., German Alliance Insurance Co. v. Horne Water Supply Co., 226 U.S. 220, 230, 33 S.Ct. 32, 35, 57 L.Ed. 195 (1912) (involving South Carolina contract).
 
 
 16
 It is the position of Fireman and Williams that Fireman's non-statutory bond was an indemnity bond intended solely to protect Dawson, the obligee. See Shealey v. American Health Ins. Corp., 220 S.C. 79, 82-83, 66 S.E.2d 461 (1951); Glen Falls Indemnity Co. v. American Seating Company, 248 F.2d 846 (9th Cir.1957); American Fire & Casualty Co. v. Charles Sales Corp., 203 So.2d 670 (Fla.Ct.App.1917); Bill White Roofing & Speciality Co. v. Cedric's, Inc., 387 So.2d 189 (Ala.1980). Beyond that, it contends that the obligations of the Claimants, which it describes as those of a third-tier sub contractor, are not covered by the bond in this case executed as it was in connection with a United States Government project covered by the Miller Act, 40 U.S.C. Sec. 270a, et seq. See United States v. Farina Construction Corp., 261 F.Supp. 278 (D.Mass.1966), aff'd., 376 F.2d 811 (1st Cir.1967); Johns-Manville Sales Corp. v. Reliance Ins. Co., 410 F.2d 277 (9th Cir.1969).
 
 QUESTIONS
 
 17
 Since the resolution of these contentions of the parties is a matter of South Carolina law, it seems proper to certify to the Supreme Court of South Carolina for decision these questions in this case under Rule 46 of the Rules of the Supreme Court of South Carolina, Sup.Ct. R. 46.
 
 
 18
 1. Are the Claimants third-party beneficiaries of the surety bond executed by Fireman and as such entitled to sue for the recovery of their unpaid claims under such bond? the bond as executed by Fireman?
 
 
 19
 2. If the Claimants are not entitled to recover under the bond, are they entitled to recover of Williams for their unpaid claims?
 
 
 20
 This certification is made with the concurrence of Judges Widener and Hall.
 
 
 21
 June 10, 1985.
 
 
 
 [1]
 To distinguish between the two sub-contractors we refer sometimes to the former contractor as the secondary sub-contractor and the latter as the primary subcontractor
 
 
 *
 The motion of the appellees to file additional authorities and the submission of the authorities proposed to be filed, have been duly considered by the Court, and the motion is denied