13689

## HUNTLEY v. SULLIVAN

(170 S. E., 664)

*Mr. John D. Nock,* for appellant,

*Messrs. Gaston, Hamilton & Gaston; Laney & Chapman* and *C. L. Huntley,* for respondent,

September 11, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On January 12, 1928, one P. B. Huntley brought suit against J. D. Sullivan and his wife, Mrs. Gussie W. Sullivan, on a promissory note, in the sum of $890.71, given him by them on November 1, 1924. The defendants, by their answer, alleged that the note sued on was the last of a series of renewals of an original note which was "executed for losses sustained under an unlawful and void contract for future delivery of cotton entered into by and between P. B. Huntley and J. D. Sullivan"; that the actual delivery of the

cotton was never contemplated by the contracting parties; and that the agreement and all notes or renewals thereof executed pursuant to its terms were invalid and unenforceable under the laws of this State. Failure of consideration was also alleged as a defense.

Before trial of the case, Huntley died, and the administratrix of his estate was substituted as party plaintiff. It being made to appear that the defendant, J. D. Sullivan, had been adjudged a bankrupt and duly discharged as such on October 9, 1931, the Court granted an order abating the action as to him. The trial of the case against the other defendant resulted in a verdict in her favor. The plaintiff now appeals to this Court, and by several exceptions imputes error to the trial Judge (1) in admitting, over objection, certain testimony of J. D. Sullivan; (2) in submitting to the jury the construction of a written contract, and (3) in refusing to direct a verdict in his favor.

The agreement in question reads as follows:

"For and in consideration of the sum of $1.00 to J. D. Sullivan in hand paid by P. B. Huntley as part payment of the cotton herein purchased, the receipt whereof is hereby acknowledged, I hereby bargain, sell and agree to deliver, between September 1 and November 1, 1921, to the said P. B. Huntley, F. O. B. at Cheraw, S. C., 50 bales of midling and strait midling at 11 cents, good midling at 12 cents per pound.

"The said cotton is now being grown on R. C. Watts place in above State and county; and if so much is not made by me on said place then I agree to purchase and deliver to said P. B. Huntley as many bales as are necessary to complete this contract.

"That the said P. B. Huntley hereby agrees to the purchase above set forth, and agrees to pay for the cotton purchased on its being delivered, in accordance with the terms herein set forth.

"It is fully understood and expressly agreed that the actual delivery of cotton is to be made."

For the purpose of proving the allegations of her answer, that this written instrument was a wagering contract (Section 6315, Code 1932), the defendant sought to show by the testimony of J. D. Sullivan, contrary to the clear and unambiguous terms of the paper, that it was not Sullivan's intention at any time to make actual delivery of the cotton. The plaintiff objected to this testimony on the ground that it was inadmissible under Section 692 of the Code of 1932, for the reason that Huntley was dead and Sullivan had a "legal or equitable interest which may be affected by the event of the action." It appears that in the bankruptcy proceedings Sullivan listed the note here sued on, but did not list his contingent liability to the indorser or joint maker, Mrs. Sullivan. Counsel for plaintiff made the point that, if a judgment, in these circumstances, should be rendered against Mrs. Sullivan on the note and she should pay such judgment, she would then have a right of action against J. D. Sullivan on his liability to her as one of the joint makers thereof, and that therefore the witness had a real interest in the suit, one that might be affected by the outcome of the action. The Court sustained the objection, correctly holding that the testimony was inadmissible on the ground made.

The defendant then sought to show by circumstances, acts of J. D. Sullivan, that it was not Sullivan's *bona fide* intention to make delivery of the cotton; and, over plaintiff's objection, the trial Judge permitted Sullivan to testify, contrary to the express declarations and terms of the written agreement, that he planted no land in cotton in 1921, and neither purchased nor owned any cotton during that year. This testimony unquestionably had a direct bearing on the transaction which Sullivan had with Huntley, the deceased —as much so as a mere statement of the witness that it was not his intention to deliver the cotton. In short, its effect was

to permit the defendant to accomplish by indirection what could not be done directly. This we think was error.

With this testimony eliminated, there was nothing to submit to the jury; the construction of the unambiguous written contract being a matter for the Court. The trial Judge should therefore have granted plaintiff's motion for a directed verdict.

The judgment of the Circuit Court is reversed, and the case remanded, with instructions that judgment be entered up for the plaintiff under Rule 27 of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.