0323

J.T.M. CO., INC., Appellant, v. Jack VANE, Respondent.
(323 S. E. (2d) 794)

Court of Appeals

*Theodore L. Hostetter*, Charleston, *for appellant.*

*Arnold S. Goodstein* of *Goodstein & Bowling*, Charleston, *for respondent.*

Heard Aug. 2, 1984.

Decided Nov. 28, 1984.

GOOLSBY, Judge:

This appeal is from a final judgment in a breach of contract action entered by the circuit judge after reference to a master-in-equity. The master found in favor of the appellant J.T.M. Co., Inc., and recommended that J.T.M. recover from the respondent Jack Vane damages in the amount of $29,533.71. Upon consideration of Vane's exceptions to the master's report, the circuit judge reduced the amount of damages to $2,533.71. J.T.M. appeals the reduction in damages. We affirm in part, reverse in part, and remand for entry of judgment not inconsistent with this opinion.

The questions on appeal concern the distribution of a beach home's rental income and sales proceeds. The determination of both issues depends upon how the terms of a contract that

accompanied the conveyance by J.T.M. of the beach property to Vane are to be interpreted.

The record reveals that J.T.M. is a family-held corporation owned by the John T. Molony family of Charleston. In early 1975, Rental and Leasing, Inc., another corporation owned by the Molony family, was in serious financial difficulty. The Molonys, in an attempt to salvage their business interests in Rental and Leasing, tried, without success, to borrow money using the beach property owned by J.T.M. as collateral.

Sometime during the summer of 1975, Molony approached Vane for assistance in securing cash for Rental and Leasing. They thereafter engaged in protracted negotiations. Finally, they reached an agreement and in September executed the contract whose terms are in dispute here.

The agreement, among other things, provided that J.T.M. would transfer the beach property by deed to Vane. In sole consideration of the transfer, Vane would secure a $30,000.00 mortgage on the beach property and would use the $30,000.00 to pay off certain debts of Rental and Leasing.

The contract further provided J.T.M. would make all mortgage payments on the property and, upon satisfaction of the mortgage, would be entitled to repurchase the property for $10.00. The parties also agreed:

> In the event that any payment on any indebtedness on the property shall become delinquent or in default . . ., Vane shall have the immediate right, in his sole discretion, to make said delinquent or defaulted payments and to sell the property at a price to be agreed upon between [the parties]. [In the event the property is sold,] . . . the sum received . . . [is] first [to] be applied to the costs of closing, satisfaction of mortgages, reimbursement to Vane for payments made by him with the remaining funds, if any, being paid to [J.T.M.].

The master and circuit judge found J.T.M. defaulted after making either one or two mortgage payments. They further found that Vane assumed payment of the mortgage on the beach house, repaired the property, and paid the taxes and insurance due on it. The master and circuit judge also concluded that during his ownership Vane rented the beach property for which he received $15,000.00 in rental income.

The circuit judge impliedly found that Vane was in actual possession of the property when it was rented.

In May, 1980, Vane sold the house for a purchase price of $70,000.00, receiving $58,000.00 in cash and an oral promise by the purchaser to pay the remaining $12,000.00. Vane, however, never received the latter sum.

The parties agree that of the $28,818.51 in cash received by Vane above the outstanding balance of the mortgage, Vane is entitled to receive a total of $26,284.80 for expending $17,759.21 for mortgage payments, $2,520.66 for repairs to the property, and $6,004.93 for property taxes and insurance, leaving a balance of $2,533.71 owed to J.T.M.

In its complaint, J.T.M. argues that it is also entitled to receive the $15,000.00 in rents received by Vane and the $12,000.00 Vane never collected.

The master awarded J.T.M. the $15,000.00 Vane collected in rents and the $12,000.00 representing the balance due from the sale of property. The circuit judge, however, rejected these findings and ordered judgment for J.T.M. in the amount of $2,533.71, the difference between the $58,000.00 in cash that Vane received upon the sale of the beach property and the amounts that Vane spent on the property and in satisfaction of the mortgage. J.T.M. appeals from so much of the circuit judge's order that denies it recovery of the rents and a portion of the sales proceeds.

In an action at law, our review on appeal extends merely in the correction of errors of law. *Townes Assoc., Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976). Where an action presents a question as to the construction of a written contract and the language of the contract is clear and unambiguous, the question is one of law. *Stackhouse v. Pure Oil Co.*, 176 S. C. 318, 180 S. E. 188 (1935); *Huntley v. Sullivan*, 170 S. C. 391, 170 S. E. 664 (1933).

We turn first to the question concerning the rents Vane collected while he was in possession of the beach property. Relying solely upon the language found in the agreement that accompanied the conveyance of the beach property to Vane, J.T.M. contends that it, and not Vane, was entitled to retain the rents Vane collected. We disagree.

Nothing in the contractor's language entitles J.T.M. to any rents. In fact, the contract is completely silent about who should receive any rental income derived

from the property. Ordinarily, the right to possession of land, coupled with possession in fact, carries with it the right to rent the property and collect the rents. *Cathcart v. Matthews*, 105 S. C. 329, 89 S. E. 1021 (1916). The circuit judge correctly awarded Vane the $15,000.00 collected by him in rent since the contract relied upon by J.T.M. nowhere reserves to it the right to receive any rental income produced by the property.

We next address J.T.M.'s appeal from the circuit judge's denial of its recovery of the $12,000.00 Vane received from the purchaser of the beach property in the form of an oral promise. The parties agree that the disbursement of the proceeds from the sale of the property is controlled by the language of the contract.

In determining the intent and purport of a contract, a court should not look solely to one clause read in isolation from the rest of the document; rather, it should consider the contents of the whole instrument. *Thomas-McCain, Inc. v. Siter*, 268 S. C. 193, 232 S. E. (2d) 728 (1977); *Bruce v. Blalock*, 241 S. C. 155, 127 S. E. (2d) 439 (1962).

As we noted above, the contract contained a provision in which the parties agreed that Vane could sell the beach house in the event J.T.M. defaulted on any mortgage payment due on the property; however, it could only be sold at "a price . . . agreed upon" by both J.T.M. and Vane. We also noted that in the same provision the parties agreed that, in the event the property was sold by Vane upon J.T.M.'s default, "the sum received" from the sale of the beach house was to be paid by Vane to J.T.M. after satisfaction of all mortgages and payment of all other costs and obligations. In our view, the phrases "price . . . agreed upon" and "sum received" mean the same thing under the contract and refer to the total amount a purchaser would be obligated to pay for the beach property should it be sold. Here, that amount was $70,000.00.

Vane, then, remains liable to J.T.M. for the $12,000.00 which he realized but did not collect from the sale of the beach property since that sum formed part of the total "price . . . agreed upon" by the parties for the sale of the beach property, i.e., the $70,000.00. The circuit judge, therefore, committed error in determining that the contract between J.T.M. and Vane unambiguously required only that Vane pay J.T.M. the sum of $58,000.00 after payment of Vane's expenses.

We reverse and remand for the entry of judgment not inconsistent with this opinion.

Affirmed in part, and reversed in part, and remanded.

SHAW and BELL, JJ., concur.