0381

TEXCON, INC., Appellant, v. ANDERSON AVIATION, INC., Reed Garrison, and Carolina Aero Service, Respondents.

(326 S. E. (2d) 168)

*Henry F. Floyd* of *Acker, Acker, Floyd & Welmaker,* Pickens, *for appellants.*

*Joseph G. Wright, III,* Anderson, *for respondents.*

Heard Nov. 19, 1984.

Decided Feb. 1, 1985.

SHAW, Judge:

This is an action to construe a contract. Appellant Texcon, Inc., contracted with respondent Anderson Aviation, Inc., to have performed an annual inspection and other repairs to its

airplane. Disputing Anderson's invoice, Texcon brought this action. Without construing the contract, the master in equity ordered Texcon to pay most of the bill. We reverse and remand for a new trial.

The issues raised on appeal are (1) did Texcon authorize the repairs the master ordered it to pay for and (2) did Texcon prove that Anderson breached the contract by failing to complete repairs by specified date.

An action to construe a written, clear contract is an ██ action at law. *J.T.H. Co., Inc. v. Vane*, 323 S. E. (2d) 794 (S. C. App. 1984). In legal actions our scope of review extends to the correction of errors of law only. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

A Texcon agent delivered the airplane to Anderson and signed a repair order authorizing an "Annual Inspection and Engine change and Prop overhaul." "Annual inspection," a term of art in aircraft maintenance, is defined in the Federal Aviation Administration's regulations. *See* 14 C.F.R. Sections 43.11-43.15. Texcon's complaint alleges Anderson went beyond these regulations and billed for unauthorized work. In its answer Anderson claims it performed according to the contract. The master did not apply the regulations, even though they are at the center of this controversy; instead, he based his decision on quantum meruit. Further, the master failed to deal with Texcon's breach of contract claim.

Texcon's claim entitles it to construction and enforce- ██ ment of the contract if found to be enforceable. The master erred by failing to interpret the contract and basing his judgment on a theory not pled. *Griggs v. Griggs*, 199 S. C. 295, 19 S. E. (2d) 477 (1942). When called upon to construe contracts, courts cannot rule on their wisdom or substitute their interpretation for the agreement clearly entered into between the parties. *Sloan v. Colonial Life & Accident Insurance Co.*, 222 S. C. 248, 72 S. E. (2d) 446 (1952).

Accordingly, this matter is remanded for a determination of (1) what was the contract entered into by the parties and (2) whether Anderson breached the contract by failing to complete the repairs in the manner contracted.

Reversed and remanded.

CURETON, J., concurs.

GOOLSBY, J., concurs in result only.