0709

William A. STORRER, Appellant v. The UNIVERSITY OF SOUTH CAROLINA, Respondent.

(343 S. E. (2d) 664)

Court of Appeals

*H. Carter Siegling,* Columbia, *for appellant.*

*Thomas Kemmerlin, Jr.,* of *Sherwood N. Fender & Associates,* Beaufort, *for respondent.*

Heard March 26, 1986.

Decided May 12, 1986.

CURETON, Judge:

In this appeal we are asked to decide whether an associate professor at the University of South Carolina (U.S.C.) acquired *de facto* tenure. William A. Storrer sued U.S.C. for terminating his employment as an associate professor in the Media Arts Department. He contends the termination not only violated his due process rights, but was unlawful because he had acquired *de facto* tenure in accordance with university regulations. The trial court granted summary judgment to U.S.C. We affirm.

Storrer was first employed as an associate professor in August 1976. He began probationary employment in September 1976 and worked continuously through May 1982. At the time of his employment the U.S.C. Faculty Manual, a part of Storrer's employment contract, outlined a procedure whereby an associate professor would acquire tenure automatically if he were not notified at an appropriate time during his probationary period that his employment was being terminated. The pertinent provision is:

> If notice of termination is not given in writing by the beginning of the fourth year of the maximum probationary period in the case of associate professors, the appointment of the faculty member shall thereafter be a continuous (or tenure) appointment.

In the fall of 1978 and near the beginning of his third year of employment, Storrer was considered for tenure and promotion but failed to receive a favorable recommendation for either. On April 26, 1979, before the commencement of his fourth full year of employment, he was notified that U.S.C intended to terminate his employment effective May 15, 1980. Storrer appealed this decision to the South Carolina State Employee Grievance Committee which ordered Storrer's reinstatement. The basis for the Committee's decision was "[t]hat [Storrer] was terminated for reasons not in

accordance with State personnel policies." The committee made the following comment regarding tenure.

Since the tenure policy is an internal policy of the University and is not addressed under State Personnel guidelines, the committee does not feel it is within its scope of authority to rule on that issue.

In May 1980, U.S.C notified Storrer by letter that it would comply with the Grievance Committee's decision. The letter provides *inter alia* "Please be advised that this reinstatement was based upon the committee's findings of procedural deficiencies and it does not confer tenure status on you."

In August 1980, U.S.C. notified Storrer that if he wanted to be considered for tenure and promotion, he should submit a supporting file in accordance with U.S.C.'s regulations. The letter gave Storrer thirty days to prepare and present his file. Under protest, Storrer timely submitted his file for consideration for promotion only taking the position that he had acquired tenure automatically because more than four years had elapsed since he had been hired by U.S.C.

On April 16, 1981, U.S.C. notified Storrer that "review of your file resulted in the decision not to recommend to the Board of Trustees that you be granted tenure or promoted to the rank of professor." At Storrer's request, U.S.C. forwarded to him a fourteen page summary of the reasons for his non-selection for tenure and promotion. Storrer appealed this decision to both U.S.C's Grievance Committee and U.S.C's Board of Trustees. His appeal was rejected by each body. He then commenced the present action in circuit court seeking: (1) damages for breach of contract; (2) a court declaration that he acquired *de facto* tenure after four years of continuous employment; and (3) an order of reinstatement based on the claim that U.S.C. deprived him of his employment without affording him procedural due process of law.

Motions for summary judgment were made by both parties: Storrer on the basis of *de facto* tenure and U.S.C. on all causes of action. The trial court granted U.S.C's motion and denied Storrer's.

The issues raised by Storrer on appeal are: (1) whether the trial court erred in holding as a matter of law that Storrer

did not acquire *de facto* tenure; and (2) whether there was a genuine issue of a material fact regarding an alleged violation of Storrer's due process rights by the manner in which U.S.C terminated his employment.

## I.
### Tenure

We have carefully analyzed the facts of this case and find they mirror those in the recent decision of this court, *Stuckey v. University of South Carolina,* 284 S. C. 295, 325 S. E. (2d) 709 (Ct. App. 1985). In *Stuckey,* U.S.C. notified the plaintiff professor near the end of his fifth year of employment that he would be terminated at the end of the next year.[1] He appealed this decision and was reinstated by the State Employee Grievance Committee because of procedural defects in his termination. The Committee "expressly refrained from addressing the issue of ... tenure because it believed it had no authority to do so." 284 S. C. at 297, 325 S. E. (2d) at 710. During his seventh year the professor was directed to prepare a tenure file but he refused to do so, claiming he had acquired *de facto* tenure. He was then considered for tenure by the university based on an earlier file, and was denied tenure. U.S.C. notified him at the end of his seventh year that he would be terminated at the end of his eighth year. He then filed suit against U.S.C.

This court held that Stuckey had not acquired *de facto* tenure under the Faculty Manual which provided for automatic tenure if notice of termination had not been given at least one year prior to the beginning of the year following the probationary period even though the second termination attempt occurred after the end of the probationary period. We held U.S.C's first termination notice was timely and the professor's reinstatement, because of procedural defects, did not nullify the original notice.

Applying *Stuckey* to the case at hand, U.S.C's first notice of termination to Storrer at the end of his third year was not nullified by his later reinstatement because of procedural defects. In other words, even though he

---

[1] Stuckey was an assistant professor, while Storrer was an associate professor. Under the Faculty Manual, the probationary period for assistant professors was six years instead of four years.

worked for a total of six years, two years longer than the maximum probationary period, he did not achieve tenure automatically because a timely notice of termination had been given in 1979.

## II.
### Due Process

We next address Storrer's claim that he was denied due process. The constitutions of both the United States and South Carolina do not require notice and a hearing comporting with due process prior to the non-renewal of a non-tenured state teacher's contract, unless the non-renewal deprived the teacher of an interest in "liberty" or a "property interest" in continued employment. *See e.g. Board of Regents of State Colleges v. Roth,* 408 U. S. 564, 570, 92 S. Ct. 2701, 2705, 33 L. Ed. (2d) 548 (1972); *Perry v. Sindermann,* 408 U. S. 593, 600, 92 S. Ct. 2694, 2699, 33 L. Ed. (2d) 570 (1972); *Dew v. City of Florence,* 279 S. C. 155, 303 S. E. (2d) 664 (1983).

Storrer does not assert that U.S.C's failure to grant him tenure and promotion deprived him of an interest in "liberty." Rather he contends that he acquired *de facto* tenure and thus had a property interest in continued employment with U.S.C. At oral argument, counsel for Storrer candidly conceded that if this court should reject his claim for tenure, his due process argument would fail also. Having found Storrer acquired no tenure, we now hold that he had no property interest in continued employment and was thus not entitled to procedural due process.

Assuming Storrer was entitled to procedural due process, we find nevertheless, from our review of the record that he was afforded a fair opportunity to present his "case" for promotion and tenure. It appears from the record that, with minor variances, U.S.C's appeals and grievances procedures were followed almost to the letter and Storrer was given ample opportunity to present data and defend himself at every level of the process.

Accordingly, the order of the trial judge is

Affirmed.

GARDNER and SHAW, JJ., concur.