1970

TWENTY NINTH AVENUE CORPORATION, Appellant v. the GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Respondent.

(428 S.E. (2d) 734)

Court of Appeals

*John C. Dockery, Sr., pro se.*

*David B. Miller,* Myrtle Beach, *for respondent.*

Submitted Feb. 23, 1993; Decided March 15, 1993.

Reh. Den. April 26, 1993.

GARDNER, Judge:

Twenty Ninth Avenue Corporation (Twenty Ninth) brought a declaratory judgment action to construe a lease with The Great Atlantic & Pacific Tea Company, Inc. (A & P). A & P answered and counterclaimed. The trial court construed the lease and ordered Twenty Ninth to return excess rental payments to A & P. Twenty Ninth appeals. We affirm.

Twenty Ninth and A & P entered into a lease. The lease provides for an initial term of 20 years with two 5-year extensions and two 5-year options. Numerous revisions have been incorporated into the lease since its original execution. Of primary interest here is the 1985 Amendment as it affects Rider 2.

The pertinent language of the 1985 amendment is as follows:

> 12. The second to last paragraph appearing in Rider 2 of the lease is herby deleted in its entirety, and in its place and stead the following is substituted therefore ... (the

percentage rent caps based upon the Ten Million ($10,000,000.00), Fifteen Million ($15,000,000.00) and Twenty Million ($20,000,000.00) gross revenues are then set forth). [Emphasis added.]

The last three paragraphs of Rider 2 are as follows:

Any percentage rental due shall be decreased by the amount of any payment made or to be made during the same lease year, by LESSEE to LESSOR pursuant to the terms of Riders #1 and #2 of this lease.

Notwithstanding anything hereinabove contained, it is agreed that whenever the fixed rental plus the percentage rental shall exceed the sum of One Hundred Twenty Five Thousand ($125,000.00) Dollars, LESSEE shall only be obligated to pay the said aggregate sum of One Hundred Twenty Five Thousand ($125,000.00) Dollars for such year and no statement of sales need to be submitted to LESSOR.

No representation or warranty has been made herein by LESSEE that the business in the demised premises will amount to any specified volume; nor does LESSEE have any fiduciary relationship with LESSOR nor does LESSOR acquire any interest in LESSEE'S business hereby.

Twenty Ninth maintains the effect of the "second to last paragraph" deletion is to remove the paragraph of Rider 2 allowing a set off for taxes paid with a substitution of the gross sales rental caps in its stead. Twenty Ninth's argument is that the next to last paragraph of Rider 2 should be considered the "first to last" paragraph.

The general rule of contract construction requires that language used in a contract must be interpreted in its natural and ordinary sense. *Fyar v. Currin*, 280 S.C. 241, 312 S.E. (2d) 16 (Ct. App. 1984). Furthermore, a contract should receive sensible and reasonable construction and not such construction as will lead to absurd consequences. *Bruce v. Blalock*, 241 S.C. 155, 127 S.E. (2d) 439 (1962).

Assuming, *arguendo*, Twenty Ninth's interpretation of the "second to last paragraph" is correct, the lease would provide for maximum annual rents of $135,000, $175,000 and $225,000.

At trial Mr. John Dockery, Sr., the president of Twenty Ninth, testified on cross-examination regarding the rental caps:

> Q. Well, it shows that, under provision of this, the rent they could pay you in any one year is a Hundred Thirty-Five Thousand Dollars, adding the Ninety Thousand together with the Forty-Five Thousand?
> A. Yes.

This concession contradicts Twenty Ninth's version of the lease, as amended by Rider 2, because the remaining paragraph would establish a partially inconsistent annual rental cap of $125,000. The deletion of the paragraph which is the "one before the last" would remove the old $125,000 rent cap and replace it with the new higher rent caps.

After careful consideration, we affirm the trial judge's conclusion that the language of Rider 2 can only be construed as deleting the $125,000 rental cap, and hold that "second to the last" has only one possible interpretation in this instance; the common understanding which is that it means "the one before the last one." Moreover, we hold that this interpretation is consistent with the entire lease, whereas Twenty Ninth's interpretation begs the question of which of the remaining paragraphs would control the rental cap.

Twenty Ninth also argues that the trial judge erred by ordering relief not sought by A & P. Over objection, A & P presented evidence of overpayment. The court deferred ruling, stating it would examine the pleadings for sufficiency. In the appealed order, the trial court directed Twenty Ninth to reimburse A & P but did not specifically rule on the pleadings.

We hold that A & P's answer and counterclaims show that it sufficiently asserted a right to reimbursement of overpayments:

> 16. That as to the allegations of paragraph 28, A & P would admit that certain monies were paid under protest.
>
>     \*    \*    \*    \*    \*
>
> 20. That as to the allegations of paragraph 34, A & P would admit that certain payments were made under protest.
>
>     \*    \*    \*    \*    \*

WHEREFORE, having fully answered Twenty Ninth's complaint, A & P prays for an order of this court as follows:

> A. As to Plaintiff's first cause of action for an order dismissing with prejudice Twenty Ninth's claims for additional rent and default; for an order construing and interpreting the provisions of the lease as raised thereunder; and for judgment against the Twenty Ninth for all excess rents paid, together with interest thereon.

Accordingly, we affirm the order of the trial court.

Affirmed.

SHAW and BELL, JJ., concur.