2274

Harold HOLDEN, Michael Gene Hunt, Jeffrey Harris, Benny Grubbs, Randy Richardson, John Green, George Norris, Tony Lee, Edward L. Roach and John Holbrooks, Appellants v. ALICE MANUFACTURING, INC., Respondent.

(452 S.E. (2d) 628)

Court of Appeals

216

Hal J. Warlick, of *Warlick Law Office, for appellants.*

*C. Thomas Wyche, David L. Freeman,* and *Jo Watson Hackl,* all of *Wyche, Burgess, Freeman & Parham,* Greenville, *for respondent*

Heard Nov. 1, 1994.

Decided Dec. 19, 1994.

*Per Curiam:*

This is an employee handbook case. On May 21, 1993, appellants filed suit against respondent to recover damages for lost wages and reinstatement to their former positions as a result of a breach of an employment contract contained within respondent's employee handbook. The trial judge granted summary judgment in favor of respondent finding there was no genuine issue of material fact. We affirm.

Alice Manufacturing Company, Inc. is a family-owned textile company based in Easley, South Carolina. It employs over 1,800 people. Appellants are employees of respondent. Six of the appellants are former "ring spinning doffers" or "roving tenders" at the Foster plant and four are former "ring spinning doffers" or "roving tenders" at the Elljean plant.

In early 1993 respondent began installing new machines in its Foster plant and later installed the same in its Elljean plant in an effort to modernize the facilities. As a result, appellants' jobs became obsolete. Respondent transferred the appellants, pursuant to its seniority system, to their former or different job classifications. However, appellants received a decrease in pay because they were transferred back to lower-skilled jobs.

Respondent distributed copies of its handbook to appellants in August 1990. The handbook contains the following provisions:

### COMPANY SENIORITY

Company seniority is a matter of importance to the company and to you. It is defined as the length of an employee's continuous service with the Company, dating from the date of last employment by the Company. Company seniority will govern in such matters as vacations and service awards and will be given serious considerations along with other factors in reaching decisions which affect you and your job progress.

### JOB SENIORITY

Job seniority is defined as the length of an employee's continuous service in a specific job classification, such as spinning, weaving, loom fixing, or other established divisions thereof, within the department of a plant.

### SHIFT PRIVILEGES

As opportunities occur, employees are offered the privilege of moving to a more desirable shift, based on job seniority.

### REDUCTION IN WORK FORCE

Alice Manufacturing Company is proud of its record of providing uninterrupted jobs for its employees. However, *if something beyond the control of the company occurs*

*and it becomes necessary to reduce the number of persons within a job classification,* the movement backward will be made in the reverse order of the movement forward. Employees with the least seniority on the more desirable shifts will move back from these shifts and be placed where their job seniority dates call for them to be. Then the employees with the least amount of seniority on the job will return to the job classification which they previously held in that department. As they move back, they will be placed in their previous job classification according to their date in that classification with no loss of seniority because of their having been promoted. If the person taken from the job has no previous classification in the department, every effort will be made to place him in work for which he is qualified. Those employees who are removed from one job classification to another because of a reduction in work force will be returned to that job classification in the reverse order in which they came off, as vacancies occur. (Emphasis added.)

Appellant brought this suit alleging the handbook in question altered their employment status, vesting them with certain contractual rights and privileges. They further asserted Alice Manufacturing's installation of new machinery was not "beyond the control of the company" and, therefore, respondent breached the above contractual provisions. They sought damages and reinstatement of their former rates of pay.

Alice Manufacturing moved for summary judgment arguing there was no genuine issue of any material fact as the facts alleged by appellants failed to show a breach of any provision in the employee handbook. The company further argued, to the extent the provision on reduction in work force applied to appellants, this provision was followed.

The trial court granted summary judgment finding neither the cited provisions nor any other provision in the handbook prohibited the conduct complained of by appellants. The appeal followed.

The relevant issues in determining whether an employer has violated binding provisions of an employee handbook are (1) whether the handbook set out procedures which bound the employer; (2) if so, whether the proce-

dures apply to the employee; and (3) whether the employer violated its own procedure. *Miller v. Schmid Laboratories, Inc.*, 307 S.C. 140, 414 S.E (2d) 126 (1992).

Appellants contend the trial judge erred in finding there was no genuine issue of material fact as to respondent's breach of the employment contract. They point to the following language in the reduction in force provision: *"if something beyond the control of the company occurs and it becomes necessary to reduce the number of persons within a job classification,* the movement backward will be made in the reverse order of the movement forward." They argue this language, along with the provisions concerning seniority, may reasonably be interpreted as allowing a reduction of workers in a job classification only when something occurs which is beyond the control of the company, and respondent violated the policy handbook by demoting them because replacing their jobs with machinery was a matter within respondent's control. In short, they argue the handbook allows for demotion only when something beyond the control of the company occurs. We disagree.

Assuming, for the sake of argument, that the handbook in question has the legal effect of a contract and the parties have altered their relationship vesting the appellants with certain contractual rights, we find there is no genuine issue of material fact as alleged by appellants which would amount to a breach of the provisions of the handbook.

Where an action presents a question as to the construction of a written contract and the language of the contract is clear and unambiguous, the question is one of law. *J.T.M. Co., Inc. v. Vane,* 283 S.C. 512, 323 S.E. (2d) 794 (Ct. App. 1984). When a court construes an employment contract, as with any contract, resort is first made to the language of the contract in issue, and if the language is perfectly plain and capable of legal construction, it determines the rights and obligations of the parties. *Stuckey v. University of South Carolina,* 284 S.C. 295, 325 S.E. (2d) 709 (Ct. App. 1985).

The language of the employment handbook is plain, clear and unambiguous. The reduction in work force provision focuses on the procedure to be followed in moving employees back to previous classifications when something beyond the control of the company occurs making in necessary to reduce the number of employees within a partic-

ular classification. Nowhere does it either state or imply that respondent may only demote an employee when something beyond the control of the company occurs.

The subject matter and purposes of a contract are to be ██ considered in ascertaining the intention of the parties and the meaning of the terms use. *Stuckey*, 325 S.E. (2d) at 711. Appellants attempt to focus on one phrase to support their position. However, in determining the intent and purport of a contract, the court should not look solely to one clause read in isolation from the rest of the document; rather, it should consider the contents of the whole instrument, *J.T.M. Co., Inc.*, 323 S.E. (2d) at 796.

The contents of the document as a whole clearly reflect the respondent is committed to following the seniority system when something beyond the control of the company occurs *and* it becomes necessary to reduce the number of persons within a job classification. When *both* these conditions occur, the respondent is required to follow the seniority system.

Language used in a contract must be interpreted in its ██ natural and ordinary sense. *Twenty Ninth Ave. Corp. v. Great Atlantic & Pacific Tea Co., Inc.*, 311 S.C. 275, 428 S.E. (2d) 734 (Ct. App. 1993). A contract should receive sensible and reasonable construction and not such construction as will lead to absurd consequences or unjust results. *Bruce v. Blalock*, 241 S.C. 155, 127 S.E. (2d) 439 (1962). Where one construction makes the provision unusual or extraordinary and another construction which is equally consistent with the language employed would make it reasonable, fair and just, the latter construction must prevail. *C.A.N. Enterprises, Inc. v. South Carolina Health and Human Services Finance Commission*, 296 S.C. 373, 373 S.E. (2d) 584 (1988). To read the phrase, as espoused by appellants, that an employee may only be demoted when something beyond the control of the company occurs, would lead to an absurd result. The company would then give up all rights to demote an employee based on poor job performance. This clearly was not an intent expressed in the handbook. Further, the only solution left for the company when it desired to remove an employee from a higher classification for reasons within its control such as poor job performance or replacement of machinery making the job obsolete, would be termination of the employee, a solution which is clearly undesir-

able to the employees. In short, we decline to find the handbook alters the company's unfettered right to demote an employee for reasons within company control. A plain reading of the reduction in work force provision, read in conjunction with the handbook as a whole, reveals the company's intent to assure employees that when something beyond its control occurs, necessitating a reduction of persons within a job classification, the company will follow a specific seniority system in moving the employees back to a previous classification.

Appellants contend the replacement of machinery was withing the control of the company. Under this argument, the provision clearly is inapplicable. However, if we were to assume machinery replacement was necessary for the survival of the company and, thus, not within company control, we note the appellants concede the company followed the procedure mandated by the reduction in force provision and, thus, complied with the provision.

We therefore hold, assuming the handbook set out procedures which bound Alice Manufacturing, the provisions in question do not apply to this fact situation inasmuch as appellants assert the company had control of the decision to replace the machinery. Further, even if the company did not have control and the provision did apply, there was no violation of the provision, as appellants concede the company followed the seniority process set forth.

For the foregoing reasons, the order below granting summary judgment is

Affirmed.

HOWELL, C.J., and SHAW and GOOLSBY, JJ., concur.