PER CURIAM: Joy Young brought this action for breach of an employment contract 
against St

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joy Young,       
Appellant,
 
 
 

v.

 
 
 
Montessori Elementary School of St. Andrews, Inc.       
Respondent.
 
 
 

Appeal From Richland County
John L. Breeden, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-385
Heard April 10, 2003  Filed June 5, 
 2003

AFFIRMED

 
 
 
Gerald F. Smith, of Columbia, for Appellant.
J. Charles Ormond, Jr. of Columbia, for Respondent.
 
 
 

PER CURIAM:  Joy Young brought this action 
 against Montessori Elementary School of St. Andrews, Inc. (Montessori) for breach 
 of an employment contract.  The trial court granted summary judgment to Montessori.  
 We affirm.
FACTS/PROCEDURAL HISTORY
Montessori extended an offer of employment 
 to Young, which is set forth in full below.

By this letter we invite you to join the Montessori Elementary 
 School of St. Andrews, Inc., initially on a part-time basis.  You will start 
 at an hourly salary of $10 to be paid biweekly.  Your hours, as of this writing, 
 will be from noon until 5:30 p.m. daily.  Your date to begin work is June 1.  
 Additional benefits include:
 (1)       paid tuition for the St. Nicholas/London 
 Centre primary teacher-training program, and, upon completion and agreement, 
 the elementary training;
 (2)       tuition consideration for your two 
 children currently enrolled at the Montessori Early Learning Center;
 (3)       the option to enroll in the schools 
 group health insurance plan, with pretax payroll deduction of premiums from 
 your biweekly salary installment; and
 (4)       paid vacation, including holidays (as 
 named in the parent handbook) and two weeks of vacation during the summer months, 
 beginning in the summer of 2000.
This offer of employment is contingent on:
 (1)       your agreement to complete the training 
 program within 18 months and to remain as a full-time teacher at the school 
 for at least two years;
 (2)       completion of a background check, including 
 State Law Enforcement Division fingerprinting, with results that satisfy us, 
 at our sole discretion, as to your fitness to work with children; and
 (3)       your certification by the American 
 Red Cross for the practice of Standard First Aid and Adult CPR.
Please return an original signed copy of this letter to the 
 Schools address.  If you have any questions, please do not hesitate to call 
 us.  

The next year, Montessori advised Young she was 
 required to enter into a new annual teacher employment contract and a teacher 
 in training sponsorship contract.  Young refused to accept the terms of the 
 new contracts, the parties were unable to reach a meeting of the minds, the 
 contracts were never signed, and Young was terminated.  
The court granted Montessoris motion for summary 
 judgment, finding the contract was not for a definite term but rather created 
 an employment-at-will relationship.  
STANDARD OF REVIEW

It is well settled that summary judgment is appropriate only 
 where there is no genuine issue of material fact.  Rule 56, SCRCP.  The Court 
 must construe all ambiguities, conclusions, and interferences arising from the 
 evidence against the moving party; however, the opposing party may not rest 
 upon mere allegations or denials, but must respond with specific facts showing 
 a genuine issue.  

City of Columbia v. Town of Irmo, 316 S.C. 
 193, 195, 447 S.E.2d 855, 857 (1994); see also Rule 56, SCRCP.  

Where an action presents a question as to the construction 
 of a written contract and the language of the contract is clear and unambiguous, 
 the question is one of law.  When a court construes an employment contract, 
 as with any contract, resort is first made to the language of the contract in 
 issue, and if the language is perfectly plain and capable of legal construction, 
 it determines the rights and obligations of the parties.  

Holden v. Alice Mfg., Inc., 317 S.C. 215, 
 220, 452 S.E.2d 628, 631 (Ct. App. 1994) (citations omitted).
LAW/ANALYSIS
Under the express terms of the contract, the two-year 
 period of the full-time teaching position would not begin until the eighteen 
 months of training were completed.  Young testified that she had stopped short 
 of completing the training.  Thus, by her failure to meet an express contingency 
 of the contract, the two-year term was never triggered.

South Carolina has long recognized the doctrine of employment 
 at-will.  Pursuant to this doctrine, a contract for permanent employment, so 
 long as it is satisfactorily performed which is not supported by any consideration 
 other than the obligation or service to be performed on the one hand and the 
 wages to be paid on the other, is terminable at the pleasure of either party.

Prescott v. Farmers Tel. Coop., Inc., 335 
 S.C. 330, 334, 516 S.E.2d 923, 925 (1999) (quoting Shealy v. Fowler, 
 182 S.C. 81, 87, 188 S.E. 499, 502 (1936)).  An individual working for an employer 
 under a contract of employment for an indefinite period can be terminated at 
 will.  Williams v. Riedman, 339 S.C. 251, 259, 529 S.E.2d 28, 32 (Ct. 
 App. 2000); see also Orsini v. Trojan Steel Corp., 219 S.C. 272, 
 277, 64 S.E.2d 878, 880 (1951) (Ordinarily, where there is no additional expression 
 as to duration, a contract for permanent employment implies an indefinite general 
 hiring, terminable at will.) (quoting Malever v. Kay Jewelry Co., 25 
 S.E.2d 436, 437 (N.C. 1943)).
In her deposition, Young testified she 
 clearly understood that, under the contract, she could quit or be terminated 
 at anytime within the 18 month training period without any obligation to repay 
 any monies spent on her behalf for training by Montessori.  

Q:  So you could leave after two and a half if you wanted 
 to?
A:  Or before two and a half.
Q: Or you could leave before, whenever you wanted to leave, 
 you could leave?
A:  Right, and there would not be a repayment.

The subject matter and purposes of a contract 
 are to be considered in ascertaining the intention of the parties and the meaning 
 of the terms use[d].  Holden, 317 S.C. at 221, 452 S.E.2d at 631.  [I]n 
 determining the intent and purport of a contract, the court should not look 
 solely to one clause read in isolation from the rest of the document; rather, 
 it should consider the contents of the whole instrument[.]  Id. (citation 
 omitted).
The overall structure of the contract 
 indicates Montessori was bound by one half and Young was bound by the other 
 half.  One part clearly sets out Youngs consideration and duties, and the other 
 clearly sets out Montessoris consideration and duties.  We agree with the trial 
 court that the contract evinces no mutuality of the term of employment.  Youngs 
 own testimony and understanding buttresses this conclusion.
Young now urges an interpretation of the 
 contract that would require Montessori to employ her as long as she attended 
 the training school for which Montessori paid, regardless of her job performance, 
 while at the same time contending that she had the option of quitting at any 
 time without repaying the training costs.  Her prior testimony is contradictory 
 to her current position.  In the final analysis, the contract sets forth the 
 consideration provided by each party, but contains no definite term of employment.  
 In no one of these written instruments does there appear a definite date of 
 termination for appellants employment . . . .  Nor in Youngs testimony is 
 it established that the respondent guaranteed [her] a job for a fixed determinable 
 period of time.  Young v. Indep. Publg Co., 273 S.C. 107, 111, 254 
 S.E.2d 681, 683 (1979).  The trial court properly found that both parties contemplated 
 this as at will employment.  
Because we agree 
 the contract admits to only one interpretation and creates no question of fact 
 for the jury, we find no error in the trial courts grant of summary judgment 
 and agree with its findings, which are well articulated in its order. 
AFFIRMED.
STILWELL and HOWARD, JJ., and STROM, Acting Judge, concur.