THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Witherspoon
 Wilson Associates, Respondent,
 
 
 

v.

 
 
 
 Lexington County Community Mental Health Center, Appellant.
 
 
 

Appeal From Lexington County
 Clyde N. Davis, Jr., Special Circuit Judge
Unpublished Opinion No. 2008-UP-130
Heard February 5, 2008  Filed February
 20, 2008    
REVERSED AND REMANDED

 
 
 
 Mark W. Binkley and R. Alan Powell, both of Columbia, for
 Appellant.
 David Andrew Maxfield and John S. Nichols, both of Columbia, for Respondent.
 
 
 

PER CURIAM: In
 this breach of contract action, Lexington County Community Mental Health Center (the Center) appeals the grant of partial summary judgment to Witherspoon
 Wilson Associates (the Lessor).  We reverse and remand.
FACTS
The Center, an outpatient facility of the
 South Carolina Department of Mental Health (SCDMH), entered into a seven-year
 lease (the Lease) with the Lessor, a developer and manager of commercial real
 estate and investment property. The leased property was a commercial building
 located in West Columbia, South Carolina.  The lease term was to commence March
 1, 2001, and end on February 29, 2008.   
During
 the lease term, the Center entered into lease agreements with two additional lessors.  In July 2003, the Center entered into a lease, effective August 1,
 2003, with Saluda Ridge, LLC for premises at 215 Palmetto Park, Lexington, South Carolina.  In September 2003, the Center entered into a lease, effective
 September 1, 2003, with the Michael and Helen Masters Family Trust for premises
 at 3965 Fish Hatchery Road, Gaston, South Carolina.  Over the next several
 months the Center continued to pay the Lessor rent under the Lease, but began
 moving various programs from the Lessors building to property either owned by
 the Center and SCDMH, or the recently leased properties at Palmetto Park and Fish Hatchery Road.  On February 20, 2004, Mr. Richard Acton, the Centers
 Executive Director, sent a letter to the Lessor giving notice that the Center
 was cancelling the Lease pursuant to Paragraph 6(f).  
Paragraph 6 of the lease, entitled LESSEE CANCELLATION, contained
 six provisions allowing the Center to cancel the Lease prior to the end of the
 lease term.  Paragraph 6(f) provides: 

 After applicable written notice to Lessor, [the Center] may cancel
 this lease without penalty, charge or further obligation:
 (f) after the first six (6) months from commencement date, by
 giving one hundred twenty days written notice, provided that the OCCUPANT moves
 into a building owned, leased or otherwise controlled by [the Center],
 SCDMH or any other public agency or entity. 
 (emphasis added)

After providing notice of cancellation, the Center paid rent for
 another 120 days, but thereafter ceased paying rent.  The Lessor brought an
 action for breach of contract against the Center.  The master, sitting as a
 special circuit judge, heard the matter upon a motion for partial summary
 judgment filed by the Lessor.  The judge found the Centers interpretation of
 the cancellation provision absurd, for under such a reading there would
 literally be no circumstance under which [the Center] could not unilaterally
 cancel the lease simply by moving out and renting any other space that it
 preferred.  In making the determination, the judge applied contract
 construction principles. As a further basis for the ruling, the judge found
 Paragraph 6(f), at a minimum, was ambiguous in its meaning or application. 
 Thus, the judge construed the clause against the Center, as the drafter of the
 Lease, and granted partial summary judgment in favor of the Lessor.  This
 appeal follows.  
STANDARD OF REVIEW
When
 reviewing the grant of summary judgment, an appellate court applies the same
 standard that governs the trial court under Rule 56, SCRCP: summary judgment is
 proper when there is no genuine issue as to any material fact and the moving
 party is entitled to judgment as a matter of law.  Moore v. Weinberg,
 373 S.C. 209, 215, 644 S.E.2d 740, 743 (Ct. App. 2007).  In determining whether
 any triable issues of fact exist, the evidence and all reasonable inferences
 therefrom must be viewed in the light most favorable to the non-moving party.  Osborne
 v. Adams, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  
Summary judgment is
 appropriate if the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show that there is no
 genuine issue as to any material fact and that the moving party is entitled to
 judgment as a matter of law.  Rule 56 (c), SCRCP;  Moore, 373 S.C. at
 215, 644 S.E.2d at 743.  Summary judgment is not appropriate where further
 inquiry into the facts of the case is desirable to clarify the application of
 the law.  Id.  Summary judgment is a drastic remedy that should be
 cautiously invoked in order not to improperly deprive a litigant of a trial on
 the disputed factual issues.  Murray v. Holnam, Inc., 344 S.C.
 129, 138, 542 S.E.2d 743, 747 (Ct. App. 2001).  
LAW/ANALYSIS
The
 Center contends summary judgment was improper because the court found the
 cancellation provision under Paragraph 6(f) ambiguous.  Alternatively, the
 Center argues if the cancellation provision under Paragraph 6(f) is not
 ambiguous, summary judgment in favor of the Lessor was improper because the
 Center did not breach the lease. 
Where
 a motion for summary judgment presents a question as to the construction of a
 written contract, if the language employed by the agreement is plain and
 unambiguous, the question is one of law and can be properly disposed of at
 summary judgment.  Hansen v. United Services Automobile Assoc., 350 S.C.
 62, 67, 565 S.E.2d 114, 116 (Ct. App. 2002).  However, where the motion for
 summary judgment presents a question as to the construction of a written
 contract, and the contract is ambiguous because the intent of the parties
 cannot be gathered from the four corners of the instrument, summary judgment is
 improper.  Gilliland v. Elmwood Properties, 301 S.C. 295, 299, 391
 S.E.2d 577, 579 (1990).  An ambiguous contract is a contract capable of being
 understood in more than one way or a contract unclear in meaning because it
 expresses its purpose in an indefinite manner.  Klutts Resort Realty, Inc.
 v. DownRound Dev. Corp., 268 S.C. 80, 89, 232 S.E.2d 20, 25 (1977).  
 
In this case, on a motion for
 summary judgment, the court found Paragraph 6(f) created an ambiguity in its
 meaning [and] application.  The court further found the
 Centers interpretation of the cancellation provision absurd and utilized
 principles of contract construction to resolve the ambiguity instead of
 proceeding to a hearing on the merits.  Where a contract is ambiguous and
 capable of more than one construction, the matter is one to be determined by
 the fact finder.  See e.g. HK New Plan Exchange Property Owner
 I, LLC v. Coker, 375 S.C. 18, 23, 649 S.E.2d 181, 184 (Ct. App. 2007); Wheeler
 v. Globe Rutgers Fire Ins. Co. of City of N.Y., 125 S.C. 320, 325, 118 S.E.
 609, 610 (1923).  Therefore, we find the court improperly resolved the
 ambiguity on summary judgment.[1]  In light of our disposition, we need not address the
 Centers remaining issue.  See Whiteside v. Cherokee County Sch. Dist. No. One, 311 S.C. 335, 340-41, 428 S.E.2d 886, 889 (1993) (appellate
 court need not address a remaining issue when resolution of prior issue is
 dispositive).  Accordingly, the decision is 
REVERSED
 AND REMANDED.   
HUFF and PIEPER,
 JJ, and GOOLSBY, A.J., concur. 

[1] We note that it is possible for a court to reject an
 absurd interpretation as a matter of law.  Holden v. Alice Mfg., Inc.,
 317 S.C. 215, 221, 452 S.E.2d 628, 631 (Ct. App. 1994) (finding a contract must
 be interpreted in its natural and ordinary sense, such that it receive
 sensible and reasonable construction and not such construction as will lead to
 absurd consequences or unjust results.).  At oral argument, we questioned
 counsel as to whether the matter was submitted for a decision on the merits as
 opposed to a decision based solely on summary judgment principles. While this
 court received conflicting responses, we must base our decision on the record
 which does not indicate the matter was postured as a merits decision to the
 trial court.  Before the judge reached a decision as to which interpretation to
 adopt, he concluded an ambiguity existed that would allow for him to consider either
 opposing interpretations or the intention of the parties; absent an agreement
 to do so, these matters are not properly resolved by summary judgment.