**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cali Alyson Emory, individually and in a representative capacity for all others similarly situated, Appellant,

v.

Thag, LLC d/b/a Myrtle Beach Mitsubishi, Respondent.

Appellate Case No. 2017-000142

─────────────

Appeal From Horry County
Steven H. John, Circuit Court Judge

─────────────

Unpublished Opinion No. 2018-UP-083
Submitted January 1, 2018 – Filed February 14, 2018

─────────────

**AFFIRMED**

─────────────

Lawrence Sidney Connor, IV, of Kelaher Connell & Connor, PC, of Surfside Beach, for Appellant.

James Y. Becker and Mary M. Caskey, both of Haynsworth Sinkler Boyd, PA, of Columbia; and Sarah Patrick Spruill, of Haynsworth Sinkler Boyd, PA, of Greenville, for Respondent.

─────────────

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011) (holding

state law is preempted by the Federal Arbitration Act (FAA) when it "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress" (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67 (1941))); *York v. Dodgeland of Columbia, Inc.*, 406 S.C. 67, 93-94, 749 S.E.2d 139, 153 (Ct. App. 2013) ("[P]rovisions banning class arbitration . . . cannot be invalidated based upon public policy considerations embodied within state law.  Rather, the 'arbitration clause[s] at issue . . . must be enforced according to [their] terms, which requires individual arbitration and forecloses class arbitration.'" (third and fifth alterations by court) (quoting *Litman v. Cellco P'ship*, 655 F.2d 225, 231 (3rd Cir. 2011))); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 687 (2010) ("We think that the differences between bilateral and class-action arbitration are too great for arbitrators to presume, consistent with their limited powers under the FAA, that the parties' mere silence on the issue of class arbitration constitutes consent to resolve their disputes in class proceedings."); *Holden v. Alice Mfg. Inc.*, 317 S.C. 215, 220, 452 S.E.2d 628, 631 (Ct. App. 1994) ("When a court construes . . . any contract, resort is first made to the language of the contract in issue, and if the language is perfectly plain and capable of legal construction, it determines the rights and obligations of the parties.").

**AFFIRMED.**[1]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.